CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANDERSON DURAN-JIMENEZ, RAMON MARTE, : Case No. 22-CV-4037
and PABLO JEAN-PIERRE TRUJILLO, :
 :
        Plaintiffs, :
 :
  -against- : **FLSA COMPLAINT**
 :
RICO POLLO #2 RESTAURANT CORP. d/b/a :
RICO POLLO II, JUAN PUNTIEL, VICTOR ARIAS, : **Jury Trial**
and JOSE LUIS DIAZ, : **Demanded**
 :
        Defendants. :
-----------------------------------------------------------------------X

       Plaintiffs ANDERSON DURAN-JIMENEZ, RAMON MARTE, and PABLO JEAN-PIERRE TRUJILLO ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against defendants RICO POLLO #2 RESTAURANT CORP. d/b/a RICO POLLO II ("RICO POLLO"), JUAN PUNTIEL, VICTOR ARIAS, and JOSE LUIS DIAZ (collectively referred to herein as the "Individual Defendants") (RICO POLLO and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

    1.    Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from

Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day that their work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are residents of Kings County, New York.

6. Defendant, RICO POLLO, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 3352 Fulton Street, Brooklyn, New York 11208.

7. Defendant, RICO POLLO, owns and operates a Spanish restaurant, known as "Rico Pollo II," located at 3352 Fulton Street, Brooklyn, New York 11208 (hereinafter, the "Restaurant").

8. Defendant, JUAN PUNTIEL, is the owner, officer, shareholder, director, supervisor, managing agent, and proprietor of RICO POLLO, who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with RICO POLLO.

9. Defendant, VICTOR ARIAS, is the General Manager of RICO POLLO, who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with RICO POLLO.

10. Defendant, JOSE LUIS DIAZ, is a manager/supervisor of the Restaurant, who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with RICO POLLO.

11. The Individual Defendants jointly exercise control over the terms and conditions of their employees' employment, in that they have the power to and do in fact:

(i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) maintain employment records.

12. At least within each of the three (3) most recent years relevant to the allegations herein, RICO POLLO was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13. Defendants employed Plaintiff, ANDERSON DURAN-JIMENEZ, to work as a dishwasher, food delivery worker, and porter at the Restaurant from in or about September 2014 until on or about March 28, 2022.

14. Defendants employed Plaintiff, RAMON MARTE, to work as a dishwasher, food delivery worker, and porter at the Restaurant from on or about May 4, 2021 until on or about March 14, 2022.

15. Defendants employed Plaintiff, PABLO JEAN-PIERRE TRUJILLO, to work as a food preparer/kitchen helper, counterperson/customer attendant, food delivery worker, and porter at the Restaurant from on or about May 16, 2021 until on or about January 6, 2022.

16. The work performed by Plaintiffs was essential to the business operated by Defendants.

17. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

18. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

19. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

20. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21. Defendant JUAN PUNTIEL hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Restaurant.

22. Defendant JUAN PUNTIEL hired defendant, VICTOR ARIAS, to work as the General Manager of the Restaurant, and was one of Plaintiffs' direct supervisors. Through authority granted to him by Mr. Puntiel, Mr. Arias is primarily in charge of running the day-to-day operation of the Restaurant, including, but not limited to hiring and firing employees, setting employee work schedules, and setting employee rates of pay.

23. Defendant JUAN PUNTIEL hired defendant, JOSE LUIS DIAZ, to work as a manager/supervisor of the Restaurant directly below defendant VICTOR ARIAS, and was also one of Plaintiffs' direct supervisors. Through authority granted to him by Messrs. Puntiel and Arias, Mr. Diaz is primarily responsible to assist in running the day-

to-day operation of the Restaurant, including, but not limited to hiring and firing employees, setting employee work schedules, and setting employee rates of pay.

24. Defendant JUAN PUNTIEL himself also actively participates in the day-to-day operation of the Restaurant. For instance, Mr. Puntiel personally supervises and directs the work of the employees, including the managers and supervisors who also directly supervise the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

25. Although defendant JUAN PUNTIEL provides managers and supervisors with some authority to effectively run the day-to-day operation of the Restaurant, including the hiring and firing of employees, Mr. Puntiel creates, implements, and approves all business policies and makes all crucial business decisions, including decisions concerning the maximum number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

**Anderson Duran-Jimenez**

26. In or about September 2014, Defendants hired Plaintiff, ANDERSON DURAN-JIMENEZ to work as a dishwasher, food delivery worker, and porter at the Restaurant.

27. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credit deduction, and corresponding overtime rate of pay.

28. Plaintiff worked for Defendants in those capacities until on or about March 28, 2022.

29. Plaintiff worked over forty (40) hours per week.

30. From the beginning of the six (6) year limitations period in July 2016 and continuing through the remainder of his employment, Plaintiff worked six (6) days per week, and although his work shift fluctuated slightly each day and week, Plaintiff's work schedule normally consisted of nine (9) hours per day from 12:00 p.m. until 9:00 p.m.

31. From the beginning of the six (6) year limitations period in July 2016 and continuing through in or about December 2016, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid – partly by check and partly in cash, at the rate of $365 per week straight time for all hours worked and worked fifty-four (54) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32. Beginning in or about January 2017 and continuing through in or about December 2017, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid – partly by check and partly in cash, at the rate of $365 per week straight time for all hours worked and worked fifty-four (54) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33. Beginning in or about January 2018 and continuing through in or about July 2021, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid – partly by check and partly in cash, at the rate of $500 per week straight time for all hours worked and worked fifty-four (54) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

34. Beginning in or about August 2021 and continuing through remainder of his employment on or about March 28, 2022, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid – partly by check and partly in cash, at the rate of $605 per week straight time for all hours worked and worked fifty-four (54) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

35. Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with a proper and accurate wage statement setting forth, among other things, Plaintiff's correct and accurate number of hours worked, correct hourly rate of pay, overtime rate of pay, correct gross wages, deductions, and net wages.

**Ramon Marte**

36. On or about May 4, 2021, Defendants hired Plaintiff, RAMON MARTE, to work as a dishwasher, food delivery worker, and porter at the Restaurant.

37. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credit deduction, and corresponding overtime rate of pay.

38. Plaintiff worked for Defendants in those capacities until on or about March 14, 2022.

39. Plaintiff worked over forty (40) hours per week.

40. Throughout the entirety of his employment, Plaintiff worked five (5) or six (6) days per week, and although his work shift fluctuated slightly each day and week, Plaintiff's work schedule normally consisted of ten (10) to eleven (11) hours per day from 3:00 p.m. until 1:00 a.m. or 2:00 a.m.

41. Throughout the entirety of his employment, Plaintiff was not paid proper minimum wages and overtime compensation. Throughout the entirety of his employment, Plaintiff was paid – in cash, at the rate of $75 per day straight time for all hours worked and worked fifty (50) to sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

42. Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with a wage statement setting forth, among other things, Plaintiff's work hours, hourly rate of pay, overtime rate of pay, gross wages, deductions, and net wages.

**Pablo Jean-Pierre Trujillo**

43. On or about May 16, 2021, Defendants hired Plaintiff, PABLO JEAN-PIERRE TRUJILLO, to work as a food preparer/kitchen helper, counterperson/customer attendant, food delivery worker, and porter at the Restaurant.

44. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credit deduction, and corresponding overtime rate of pay.

45. Plaintiff worked for Defendants in those capacities until on or about January 6, 2022.

46. Plaintiff worked over forty (40) hours per week.

47. Throughout the entirety of his employment, Plaintiff worked six (6) or seven (7) days per week, and although his work shift fluctuated slightly each day and week, Plaintiff's work schedule normally consisted of nine (9) hours per day on Sunday, Monday, Wednesday, and Thursday from 3:00 p.m. until 12:00 a.m.; and ten (10) hours

on Friday and Saturday from 3:00 p.m. until 1:00 a.m., thereby working fifty-six (56) hours per week (sixty-five (65) hours per week if working seven (7) days).

48. Throughout the entirety of his employment, Plaintiff was not paid proper minimum wages and overtime compensation. Throughout the entirety of his employment, Plaintiff was paid – in cash, at the rate of $75 per day straight time for all hours worked and worked fifty-six (56) to sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

49. Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with a wage statement setting forth, among other things, Plaintiff's work hours, hourly rate of pay, overtime rate of pay, gross wages, deductions, and net wages.

50. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs.

51. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

52. Defendants knowingly and willfully operated their business with a policy of not paying a "spread of hours" premium to Plaintiffs, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

53. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

54. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

57. Upon information and belief, at least within the last three (3) most recent years relevant to the allegations herein, RICO POLLO had gross revenues in excess of $500,000.

58. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

59. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for hours worked.

60. Defendants failed to pay Plaintiffs minimum wages in the lawful amount for hours worked.

11

61. Plaintiffs were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

62. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

63. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

64. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs.

65. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

66. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

67. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

68. Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

69. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

70. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71. Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

72. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

73. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

74. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

75. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs a "spread of hours" premium for each day their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

76. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

77. Defendants failed to furnish Plaintiffs with a statement with every payment of wages correctly listing the number of hours worked, rate of pay, overtime rate of pay, gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

78. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

79. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

80. Neither at the time of their hiring, nor at anytime thereafter, did Defendants notify Plaintiffs of their hourly rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

81. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime

compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

82. Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs ANDERSON DURAN-JIMENEZ, RAMON MARTE, and PABLO JEAN-PIERRE TRUJILLO respectfully request that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act for Defendants' failure to provide mandatory wages notices and wage statements;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
July 11, 2022

                         Respectfully submitted,

                         CILENTI & COOPER, PLLC
                         *Attorneys for Plaintiffs*
                         200 Park Avenue – 17th Floor
                         New York, NY 10166
                         T. (212) 209-3933
                         F. (212) 209-7102

                         By: _____
                         Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Anderson Duran-Jimenez, am an individual currently or formerly employed by Rico Pollo #2 Rest. Inc. and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
June 7, 2022

*Anderson* (signature)

Anderson Duran-Jimenez

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Ramon Marte, am an individual currently or formerly employed by Rico Pollo #2 Rest. Corp. and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
      March 24, 2022

_____
Ramon Marte

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Pablo Jean-Pierre Trujillo Navarrete, am an individual currently or formerly employed by Eden Rose Flower Shop and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       January 28, 2022

_____
Pablo Jean-Pierre Trujillo Navarrete